■ In the Matter of the Claim of ERNA F. MONAHAN, Appellant, against REMINGTON RAND, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by claimant from a decision of the Workmen's Compensation Board, reversing the decision and award of a referee, and disallowing a claim for death benefits. Until November 1, 1950, decedent had been employed out of the Albany office of the employer as a tabulating machine service supervisor. As such he went from place to place in the area served by the Albany office to repair machines. He carried his tools in his car, went from his home directly to the job, and from job to job without always reporting at the office, and worked irregular hours depending upon demands for repairs. On November 1, 1950, he was sent to the Chicago branch "on loan" because of a strike there. On November 23, 1950, he left Chicago to come to his home in the Albany area to spend the Thanksgiving week end, expecting to return to work in Chicago on Monday morning. He was then on the Chicago payroll and was under no duty to report for work in Albany. However, it seems to be undisputed that everyone considered his work in Chicago as temporary, and that he was expected to resume his duties out of the Albany office at a later date. On the evening of November 24 he called a coemployee to see how things were going at the Albany office and was told of a machine which was there for repairs. He volunteered to help the following day and reported at the employer's office the next morning and worked with a coemployee all day on the machine. This was with the knowledge of his superior, and special arrangements were later made so that his family received pay for at least a part of that day. On his way home from this work, in his own car, he turned off his usual route to his home to pick up a personal television set which had been left for repairs. After he returned to the usual route from the office to his home his car was crushed by a falling tree and he was killed. A claim presented by his widow on behalf of herself and four minor children has been rejected on the ground that decedent did not sustain an accident arising out of and in the course of his employment. While it would seem that this record might permit a finding that decedent's work on this day was merely a temporary resumption of his former employment as a general outside maintenance man, the board has made no definite finding on this subject. In its memorandum of decision the board

recites that the employer contends "the accident did not arise out of and in the course of employment, that the decedent was an inside worker, and assuming, though not conceding, that decedent was an outside worker, he took himself out of his employment when he deviated to perform a purely personal act." The memorandum then says: "There is evidence in the record regarding the question of whether the deceased was an inside worker or an outside worker, and on this issue of accident arising out of and in the course of employment" and the board merely decided that deceased did not sustain an accident arising out of and in the course of his employment. The formal findings prepared by the Attorney-General are equally vague. There is no finding as to whether decedent was an inside worker or an outside worker. There is a finding that he was killed on his way home from work shortly after he had stopped to pick up a television set, and the general conclusion that the accident did not arise out of and in the course of his employment. Upon this record we are unable to ascertain the basis of the decision. We cannot tell whether the claim was disallowed because of a finding that decedent's employment ended when he left the employer's office or ended when he deviated from the direct route to his home. Multiple questions are presented in blanket form which makes a proper review impossible. Decision reversed and matter remitted to the Workmen's Compensation Board for re-examination and further proceedings in accordance herewith, with costs to appellant against the employer. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.